UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-61493-CIV-ROSENBAUM/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ARMANDO LUCIANO,

    Defendant.
_____/

REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS CAUSE is before the Court on Plaintiff's Motion for Attorney's Fees and Costs (DE 25) and was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida (DE 26). Having considered Plaintiff's Motion, the absence of a timely response, and being otherwise fully advised, the undersigned respectfully RECOMMENDS that Plaintiff's Motion (DE 25) be GRANTED as set forth below.

I.    BACKGROUND

On July 30, 2012, Plaintiff, the United States of America, brought this action against Defendant Armando Luciano, seeking to recover the proceeds of a defaulted student loan. See Complaint (DE 1). On November 19, 2012, the District Court entered Final Default Judgment in favor of Plaintiff. See Order (DE 23) (granting Plaintiff's Motion for Entry of Default Final Judgment); see also Final Default Judgment (DE 24). Plaintiff now moves the Court for an award of attorney's fees and costs incurred during the course of this litigation. See Motion for Attorney's Fees and Costs (DE 25), together with accompanying

documentation (DE 25-1, DE 25-2, and DE 25-3). More specifically, Plaintiff seeks attorney's fees in the amount of $950 and (service of process) costs in the amount of $35. See Motion at 3-4 (DE 25). Defendant has not responded to Plaintiff's motion, and his time for doing so has passed.[1] The matter, therefore, is ripe for decision.

II.　DISCUSSION

　　A.　ENTITLEMENT TO ATTORNEY'S FEES

Under the "American Rule," attorney's fees "are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor." Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717 (1967); accord Alyeska Pipeline Serv. Co. v. The Wilderness Soc'y, 421 U.S. 240, 257 (1975) (discussing "the general rule that, absent statute or enforceable contract, litigants pay their own attorneys' fees") (citations omitted). Here, Plaintiff seeks attorney's fees under 28 U.S.C. § 2412, which provides that a court may award reasonable attorney's fees to the prevailing party in any civil action brought by or against the United States. See 28 U.S.C. § 2412(b). Plaintiff does not solely predicate its request for attorney's fees solely on a statute; it also relies on the language of the promissory note (at issue) signed by Defendant Luciano. See Motion at 1 (DE 15); see also Promissory Note (DE 25-1). The promissory note provides that Defendant Luciano "will pay [to Plaintiff] all charges and other costs – including attorney's fees – that are permitted by federal law and regulations for the collection of these amounts" upon default. Promissory Note at 2 and 4 (DE 25-1). Plaintiff, therefore, is entitled to recover

---

[1] Notably, "on November 27, 2012, [counsel for Plaintiff] sent a letter to the Defendant in a good faith effort to agree on entitlement to and the amount of fees and non-taxable expenses." Motion at 2 (DE 25); see also Letter to Defendant (DE 25-2).

attorney's fees reasonably incurred in enforcing the terms of the promissory note. See, e.g., U.S. v. Pognon, Case No. 08-61801-CIV, 2011 WL 1255908, at *1 (S.D. Fla. April 1, 2011) (finding entitlement to attorney's fees "according to the terms of the [student loan] promissory note at issue in this case"); U.S. v. Bonner, No. 08-61943-CIV, 2009 WL 230153, *1 (S.D. Fla. Jan. 30, 2009) (awarding reasonable attorney's fees as "required by the Promissory Note [for the student loan]"). This Court must determine the amount of attorney's fees that are reasonable in this case. See id.[2]

B. CALCULATION OF REASONABLE ATTORNEY'S FEES

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. The Housing Authority of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). A court is deemed an expert on the issue of hourly

---

[2] Neither Plaintiff nor Defendant has requested a hearing, and the Court concludes that a hearing is not necessary. In Norman v. Hous. Auth. of the City of Montgomery, 836 F.2d 1292 (11th Cir. 1988), this Circuit ruled that a hearing on a fee petition is required only "where an evidentiary hearing [is] requested, where there [are] disputes of fact, and where the written record [is] not sufficiently clear to allow the trial court to resolve the disputes of fact. . . ." Id. at 1303-04. More recently, this Circuit has explained that "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours and the significance of [the] outcome.'" Thompson v. Pharmacy Corp. of Am., Inc., 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting Norman, 836 F.2d at 1309). The primary issues presented herein are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which the Court possesses sufficient expertise. Moreover, the written record here is of sufficient clarity to permit the Court to resolve any issues of fact that may exist.

rates and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).

Throughout this litigation, Plaintiff was represented by attorney Jennifer Margolis Marquez.  Plaintiff seeks an hourly fee for attorney Marquez of $250.  See Motion (DE 25). Based upon a review of the record, including the fee application and counsel's signed affidavit, the nature of the case and work performed, and undersigned's knowledge and experience, the undersigned finds that this hourly rate is reasonable and in accord with rates charged in the South Florida legal community for this type of case.  See Norman, 836 F.2d at 1303.[3]

Once the hourly rate is set, the Court must determine the reasonable number of hours expended in the litigation. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis in original).  The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation is on the fee applicant.  See ACLU of Georgia, 168 F.3d at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow

---

[3] The Court notes that attorney Marquez has previously been awarded fees at the requested rate of $250 per hour in other student loan cases litigated in the Southern District of Florida.  See U.S. v. Tina Ambrose, Case No. 12-14036-Civ-Graham; U.S. v. Thomas Douglas, Case No. 11-81055-Civ-Ryskamp; and U.S. v. Jose Fortuno, Case No. 11-61386-Civ-Cohn.

the court to accurately determine the amount of fees to be awarded. See id. If the party moving for the fees fails to exercise required billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." Id.

Here, Plaintiff's counsel avers that she has expended approximately 3.8 hours on behalf of her client in this action. The Court has examined the detailed time entries provided by attorney Marquez and finds that the hours expended in this matter were not excessive, redundant, or otherwise unnecessary in the exercise of billing judgment. See Perkins v. Mobile Housing Board, 847 F.2d 735, 738 (11th Cir. 1988). Attorney Marquez was successful in obtaining a final judgment in favor of her client and she does not appear to have spent any time litigating unsuccessful claims. Given the circumstances of this case, the number of hours expended by attorney Marquez are reasonably billable to a client and, thus, should be awarded. See Norman, 836 F.2d at 1301.

Multiplying the reasonable number of hours expended by the reasonable hourly rate – 3.8 hours expended at a $250 hourly rate for attorney Marquez – results in a lodestar amount of $950. The undersigned finds that no adjustment (either upward or downward) to that amount is warranted. See Pa. v. Del. Valley Citizens Council I, 478 U.S. 546, 565 (1986) (noting that there is "[a] strong presumption that the loadstar figure represents a 'reasonable' fee.").

C. COSTS

In addition to attorney's fees, Plaintiff seeks to recover litigation costs. See Motion at 3 - 4 (DE 25). Specifically, Plaintiff seeks to recover the $35 cost of the (private) process server. See id. As the prevailing party, Plaintiff is clearly entitled to recover its costs. See

Final Default Judgment (DE 24); Fed. R. Civ. P. 54(d)(1); see also 28 U.S.C. § 1920 (delineating particular items that may be taxed as costs). And pursuant to §1920(1), "[f]ees of the clerk and marshal" may be taxed as costs. The Eleventh Circuit has held that §1920(1), read in conjunction with 28 U.S.C. § 1921,[4] authorizes a court to tax private process servers' fees as costs, provided that their rates do not exceed those of the U.S. Marshal's Service. U.S. E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623-624 (11th Cir. 2000). When the U.S. Marshal's Service serves process, it does so at a rate of $55 per hour (or portion thereof) for each item served, plus travel costs and any other out-of-pocket expenses. See 28 C.F.R. § 0.114(a)(3) (setting costs for service of process). Because the requested $35 rate is lower than that set by the U.S. Marshal's Service, it is properly taxable.

III.   RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion for Attorney's Fees and Costs (DE 25) be GRANTED to the extent that Plaintiff be awarded attorney's fees of $950 and costs of $35, for a total award of $985.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Robin S. Rosenbaum, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue

---

[4] 28 U.S.C. § 1921(a)(1) sets forth the types of activities for which United States Marshals may collect a fee; serving a summons and complaint is one activity for which they may collect. Under § 1921(b), the Attorney General is permitted to prescribe by regulation the fees that may be charged by the Marshal's Service; those regulations are set forth at 28 C.F.R. § 0.114.

6

covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).[5]

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 1st day of February 2013.

_____
BARRY S. SELTZER
CHIEF UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable Robin S. Rosenbaum
United States District Judge

Counsel of Record

Armando Luciano, *pro se*
2761 Taft Street, Apartment # 312
Hollywood, Florida 33020

---

[5] Plaintiff shall serve a copy of this Report and Recommendation on Defendant Luciano forthwith, and shall file a Notice of Compliance with the Court.